# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2026

Lyle W. Cayce
Clerk

————————

No. 25-10740

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KETRIC DWANE TURNER,

*Defendant—Appellant*.

——————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:24-CR-72-1

——————————————————————

Before WILLETT, ENGELHARDT, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Ketric Dwane Turner was sentenced to 36 months' imprisonment and five years of supervised release for failure to register as a sex offender, as required by the Sex Offender Registration and Notification Act ("SORNA"). 18 U.S.C. § 2250(a)(1). The district court classified his prior conviction as a tier III offense, resulting in a 30-to-37-month sentencing range under the United States Sentencing Guidelines. Turner argues that his

————————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

prior conviction should have been classified as a tier I offense, resulting in a 20-to-27-month Guidelines range. Turner also asks us to remand to correct alleged errors and inconsistencies in the record. Because we find that the Guidelines calculation error did not affect Turner's substantial rights, we AFFIRM.

## I

Turner was previously convicted of child molestation in Georgia, an offense that requires him to register as a sex offender under SORNA. Approximately two years prior to his arrest for the instant failure to register, Turner relocated from Georgia to Amarillo, Texas. Turner failed to register his address, as required by SORNA, when he moved to Amarillo. In September 2024, officers encountered Turner during a traffic stop, during which Turner presented false identification but was accurately identified as Ketric Dwane Turner via facial recognition technology. Turner was arrested for related, outstanding state warrants and was later charged in a single-count indictment with Failure to Register as a Sex Offender, in violation of 18 U.S.C. § 2250(a).

In the present offense, the presentence report ("PSR") classified Turner's prior Georgia conviction for child molestation as a tier III offense under SORNA and assessed a base offense level of 16 under U.S.S.G. § 2A3.5(a)(1). According to the PSR, Turner's total offense level was 13 after applying a three-level reduction for acceptance of responsibility; combined with his criminal history category of V, Turner's advisory Guidelines imprisonment range was 30 to 37 months. Turner did not object to the PSR.

The district court sentenced Turner to 36 months' imprisonment followed by five years of supervised release and ordered his sentence to run concurrently with any sentence to be imposed in pending state-court cases.

The district court described the sentence as being within Guidelines but noted that it would have imposed the same sentence regardless of the applicable Guidelines. Citing Turner's criminal history, the need to promote respect for the law, and the importance of protecting the public from further crimes, the district court indicated that the imposed sentence was appropriate under the § 3553(a) factors. Turner timely appealed. *See* Fed. R. App. P. 4(b).

## II

Because Turner raises his challenge to the district court's Guidelines calculation for the first time on appeal, we review for plain error. *See United States v. Quintanilla-Matamoros*, 164 F.4th 366, 370 (5th Cir. 2026). To prevail, Turner must show an error that is clear or obvious and affects his substantial rights. *Id.* "Substantial rights are affected when there is 'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *United States v. Hott*, 866 F.3d 618, 621 (5th Cir. 2017) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (citation modified)). The defendant bears the burden of proving that an error impacted his substantial rights. *United States v. Randall*, 924 F.3d 790, 795 (5th Cir. 2019) (citing *United States v. Olano*, 507 U.S. 725, 734–35 (1993)). If the first three plain-error conditions are met, "[our] court has discretion to correct a plain error only if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Hott*, 866 F.3d at 621 (quoting *Molina-Martinez*, 578 U.S. at 194); *see also Randall*, 924 F.3d at 796; *Olano*, 507 U.S. at 736.

## III

On appeal, Turner argues that the district court committed reversible plain error in designating him as a tier III offender under SORNA. Turner also urges us to remand to correct alleged errors and inconsistencies in the

record.  Finally, Turner moved our court to supplement the record with, or alternatively, take judicial notice of, documents from his Georgia conviction for child molestation.  We address each issue in turn.

A

We first consider Turner's primary issue on appeal: whether the district court, in determining Turner's base offense level under the Guidelines, committed reversible plain error in designating Turner as a tier III offender under SORNA.  While we agree with Turner that the district court erred in adopting the PSR's tier III classification, we ultimately find that Turner has not proven reversible plain error because the misclassification did not affect his substantial rights.

Turner argues, for the first time on appeal, that the Guidelines calculation error affected his substantial rights because it resulted in a higher Guidelines range than should have applied and that the court's boilerplate disclaimer that it would have imposed the same sentence regardless of the applicable Guidelines range does not overcome the error.  Turner relies on a string of cases—all reviewed for harmless error, rather than plain error—to demonstrate that such a statement does not necessarily prove that the district court would have imposed the same sentence regardless of the Guidelines. The Government counters that Turner has failed to demonstrate an effect on his substantial rights.  Because Turner failed to preserve the Guidelines calculation error before the district court, the Government argues, Turner bears the burden of proving that the district court would have imposed a lower sentence but for the incorrect Guidelines, a burden that Turner has failed to meet.  As explained below, the Government's view is correct.

1

SORNA is a federal law that "requires sex offenders to register and keep their registration current," and criminalizes the failure to do so.

*Quintanilla-Matamoros*, 164 F.4th at 370 (citing 34 U.S.C. § 20913). Offenders are assigned one of three tiers. *See* 34 U.S.C. § 20911. The assigned tier dictates the duration of a sex offender's registration requirement and the base offense level he or she receives if convicted for failure to comply. *Quintanilla-Matamoros*, 164 F.4th at 370; *see also* U.S.S.G. § 2A3.5(a).

A tier III sex offender is one whose offense is punishable by more than a year in prison and, among other things, "is comparable to or more severe than," as relevant here, the federal offense of "abusive sexual contact (as described in [18 U.S.C. § 2244]) against a minor who has not attained the age of 13 years." 34 U.S.C. § 20911(4)(A)(ii). A tier III sex offender must register for the rest of his or her life, *see id.* § 20915(a)(3), and receives a base offense level of 16 if he or she is convicted for failing to register, U.S.S.G. § 2A3.5(a)(1).

Our court employs the categorical approach to determine a defendant's SORNA tier, meaning that we consider the elements—rather than the facts—of the offense. *See Quintanilla-Matamoros*, 164 F.4th at 371. Excluding a limited exception regarding the fact of a victim's age,[1] "the particular facts underlying a defendant's conviction are irrelevant to this inquiry." *Id.* "The relevant question is whether the state offense sweeps more broadly than the SORNA tier definition, in which case the state offense cannot qualify as a predicate offense for that SORNA tier regardless of the manner in which the defendant actually committed the crime." *Id.* (citation modified). "A crime sweeps more broadly when it criminalizes

---

[1] "SORNA requires a circumstance-specific inquiry into the victim's age when classifying sex offender tier levels to determine whether the victim was a minor, or, in the case of a tier III categorization under § 20911(4)(A)(ii), whether the victim was younger than 13." *Quintanilla-Matamoros*, 164 F.4th at 371 n.2 (citation modified).

more conduct than the federal crime would reach by its terms." *Id.* (citation modified).

Under the categorical approach, Turner's Georgia child molestation offense sweeps more broadly than the comparable federal offense of abusive sexual contact and cannot support a SORNA tier III designation. *See id.* The comparable federal crime, abusive sexual contact, is defined as any of six federal offenses, *see* 18 U.S.C. § 2244(a), including "knowingly engag[ing] in a sexual act with another person who has not attained the age of 12 years," *id.* § 2241(c); *id.* § 2244(a)(5). A "sexual act" includes "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." *Id.* § 2246(2)(D). Because the Georgia statute criminalizes, among other acts, masturbating in the presence of a minor, which need not involve intentional touching of the minor's genitalia, *see Clark v. State*, 897 S.E.2d 645, 648–51 (Ga. Ct. App. 2024), the Georgia statute sweeps more broadly than the definition of abusive sexual contact and thus cannot qualify as a predicate offense for SORNA tier III designation, *see Quintanilla-Matamoros*, 164 F.4th at 371.

2

Despite the district court's error in its tier III designation and corresponding assessment of a base offense level of 16 and advisory Guidelines range of 30-to-37 months, Turner has not demonstrated that the error affected his substantial rights. *See Randall*, 924 F.3d at 795–96. "In the context of sentencing, an error affects an appellant's substantial rights when there is a reasonable probability that, but for the error, he would have received a lesser sentence." *United States v. Kirkland*, 851 F.3d 499, 503 (5th Cir. 2017) (citation modified). The appellant "has the burden of proving that

an error . . . impact[ed] his substantial rights."[2] *Randall*, 924 F.3d at 795 (citing *Olano*, 507 U.S. at 734–35). An appellant can make this showing by demonstrating that, on remand, "there is a reasonable probability of a lower sentence." *United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (en banc) (citation modified).

Generally, where "the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights." *Molina-Martinez*, 578 U.S. at 201. However, "[t]he record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Id.* at 200; *see also United States v. Sanchez-Hernandez*, 931 F.3d 408, 411 (5th Cir. 2019) (stating that while "*Molina-Martinez*

---

[2] Seeking—without so stating—to supplant the harmless-error standard for the plain-error standard, Turner cites a string of cases in which we have remanded for re-sentencing after finding a blanket disclaimer insufficient to demonstrate that a sentencing error did not cause harm. *E.g.*, *United States v. Ritchey*, 117 F.4th 762 (5th Cir. 2024); *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), *supplemented*, 854 F.3d 284 (5th Cir. 2017); *United States v. Martinez-Romero*, 817 F.3d 917 (5th Cir. 2016) (per curiam). Turner ignores a critical distinction: the defendant in each of the cited cases preserved their objection in the district court; here, Turner admits he did not. Thus, in the cited cases but not here, the Government bore the burden of proving "that an error did *not* affect the defendant's substantial rights." *Randall*, 924 F.3d at 796; *see also id.* (discussing burden flip from a defendant to the Government when the error has been preserved). When a defendant has failed to preserve the alleged error, on appeal the *defendant* bears the burden of demonstrating "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Hott*, 866 F.3d at 621 (quoting *Molina-Martinez*, 578 U.S. at 194). Our court has routinely declined to find reversible *plain error* when, as here, the record demonstrates that the district court would have imposed the same sentence because it so stated or because it relied on the § 3553(a) factors, in addition to the Guidelines range, to determine the sentence. *See Randall*, 924 F.3d 790; *United States v. Abercrombie*, No. 24-30483 2025 WL 2336106 (5th Cir. Aug. 13, 2025) (per curiam) (unpublished).

predicted [that] erroneous Guidelines ranges will normally suffice to satisfy the third prong" of plain-error review, it also "recognized that won't always be the case").

At sentencing, the district court stated that "a sentence within the advisory guidelines range is appropriate and necessary to give the 3553(a) factors appropriate weight." The district court further indicated that it would have imposed the same sentence regardless of the applicable Guidelines range and identified three aggravating factors that justified imposition of the selected sentence under § 3553(a). First, pointing to § 3553(a)(1), the district court emphasized Turner's "extensive additional criminal history," including four drug-related offenses and the nature of the underlying sex offense. Second, citing the need to promote respect for the law indicated in § 3553(a)(2)(A), the court discussed Turner's failure to register for at least two years following his move from Georgia to Amarillo and that he presented false identification to police during the traffic stop. Third, referencing the need to protect the public from further crimes as provided in § 3553(a)(2)(C), the district court concluded that Turner's failure to register likely would have continued but for the traffic stop. The court punctuated its discussion of the § 3553(a) factors by stating that it would have imposed the same sentence regardless of any incorrect Guidelines calculation.[3] Moreover, the district judge provided a written Statement of Reasons that again indicated he would have imposed the same sentence regardless of the applicable Guidelines range. *See Abercrombie*, 2025 WL 2336106, at *8 (noting that the record as a whole indicated that the

_____

[3] Turner also provided empirical evidence showing that the district judge in Turner's case routinely included in his oral reasons a disclaimer that he would have imposed the same sentence regardless of the Guidelines; however, Turner does not provide any binding legal authority to demonstrate that the routine nature of the judge's disclaimer supports Turner's claim that his substantial rights were affected.

district court relied on factors beyond the erroneous Guidelines range despite a statement that it imposed a within Guidelines sentence). Thus, the record is far from "silent as to what the district court might have done had it considered the correct Guidelines range." *Id.* (quoting *Molina-Martinez*, 578 U.S. at 200–01).

Consequently, we need not consider whether to exercise our *Olano* discretion to correct the district court's error, *see Olano*, 507 U.S. at 732 (noting the court's discretion to correct an error when an appellant has demonstrated an effect on his substantial rights); the district court's judgment is thus affirmed.

B

Turner also argues that we should remand the case for correction of alleged errors and inconsistencies in the record, including clerical errors and substantive errors. Clerical errors may be corrected by the district court, at any time, pursuant to Federal Rule of Criminal Procedure 36. We may remand to correct substantive errors, which fall beyond the scope of Rule 36, when the applicable error standard has been met; here, Turner has failed to meet the requisite plain-error standard.

Turner argues that the record includes incorrect case numbers related to his Georgia conviction. A party may move the district court to correct a clerical error in the district court's record. *See United States v. Nagin*, 810 F.3d 348, 354 (5th Cir. 2016); *see also* Fed. R. Crim. P. 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."). Rule 36, however, is intended "only to correct mindless and mechanistic mistakes," *United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020) (citation modified), such as "when the court intended one thing but by merely clerical mistake or

oversight did another," *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (per curiam) (citation modified).  Because the district court is better positioned to assess the alleged clerical error and Turner can move the district court to do so at any time pursuant to Rule 36, we decline to remand to address a purported Rule 36 error.

Turner alleges that there are errors in the affidavit offered in support of the criminal complaint filed against him, the factual resume, and the PSR. Beyond Rule 36, we may remand the case for correction of substantive errors when any such error is sufficiently demonstrated.  *See Cooper*, 979 F.3d at 1088–89.  Here, however, Turner has not met his burden of proving that remand is appropriate because he did not meet the plain-error standard for the reasons explained earlier in part III-A.  *See Quintanilla-Matamoros*, 164 F.4th at 370.

Thus, while Turner may move the district court to correct any clerical error pursuant to Rule 36, Turner has not demonstrated that remand is necessary and warranted here.  Nor has Turner established reversible plain error justifying remand to address his substantive concerns.  Accordingly, we do not remand to the district court to address any clerical or substantive errors.

C

Turner moves to supplement the record on appeal with the indictment and judgment from his Georgia conviction for child molestation. Alternatively, Turner asks the court to take judicial notice of the documents. The Government opposes the motion and maintains that Turner has failed to show how the state documents are relevant to the appeal and failed to cite, much less satisfy, Federal Rule of Appellate Procedure 10.

Federal Rule of Appellate Procedure 10(e) allows supplementation of the record to accurately reflect what occurred in the district court, but not to

add evidence that was not presented to the district court. *See United States v. Page*, 661 F.2d 1080, 1082 (5th Cir. Nov. 1981); *see also United States v. Flores*, 887 F.2d 543, 546 (5th Cir. 1989) (per curiam) ("We will not ordinarily enlarge the record on appeal to include material not before the district court."). The court has nonetheless exercised its authority at times to grant motions to supplement the record with sentencing records relevant to an issue on appeal. *See, e.g.*, *United States v. Jimenez-Elvirez*, 862 F.3d 527, 537 n.4 (5th Cir. 2017).

The documents were not made part of the district court record and were never presented to the district court. Although he insists that the documents "are relevant to the issues raised in the appeal," Turner does not explain how.[4] Although his appellate brief challenges a base offense level that was assessed pursuant to the designation of his Georgia conviction as a tier III offense, Turner does not contest the fact of the conviction or argue that his Georgia statute of conviction was incorrectly identified.

Because there is no indication how the documents would assist with the resolution of Turner's sole appellate issue, namely the designation of his state conviction as a tier III offense, we deny the motion to supplement and alternative motion for judicial notice.

---

[4] In his motion, Turner indicates that the documents were not made part of the district court record; information in the documents (the state-court case number and the date of his indictment) are inconsistent with his federal indictment, factual resume, PSR, and judgment; and the state documents suggest that he pleaded guilty to the elements of child molestation while maintaining his factual innocence.

IV

For the foregoing reasons, the judgment of the district court is AFFIRMED. Turner's motion to supplement the record or, alternatively, for judicial notice, is DENIED.